HAHL v. DAVIDSON. (No. 6007.)

(Court of Civil Appeals of Texas. San Antonio. April 3, 1918.)

1. APPEAL AND ERROR ⚖═1043(7)—HARMLESS ERROR—SURPRISE—CONTINUANCE.

There was no prejudice in refusing to grant a continuance on the ground of surprise as to new matter contained in an amended petition, where the findings on the old issues were sufficient to support the judgment.

2. CONTINUANCE ⚖═37—GROUNDS—APPLICATION.

Where application for continuance on ground of illness of witness did not state how long the illness had existed, so as to excuse failure to take deposition, or that he could have added to testimony on a former trial which was introduced in evidence, its refusal was not error.

3. APPEAL AND ERROR ⚖═1043(7)—HARMLESS ERROR—CONTINUANCE.

A party was not harmed by refusal of a continuance to obtain deposition of a witness as to an agreement, which was shown in a deed admitted in evidence.

4. CONTINUANCE ⚖═37—GROUNDS FOR—SURPRISE—DILIGENCE—APPLICATION.

Where application for continuance, claiming surprise as to new matter in amended petition served five days before trial, did not show that time was too short to procure testimony, there was no error in refusing a continuance.

5. APPEAL AND ERROR ⚖═1070(2)—HARMLESS ERROR—UNIMPORTANT ISSUES.

Where findings of jury not attacked would support the judgment, insufficiency of evidence to support other findings was harmless.

6. APPEAL AND ERROR ⚖═1062(2)—HARMLESS ERROR—REFUSAL OF ISSUES.

Refusal to submit a special issue is harmless, where the verdict on the issues submitted amply supports the judgment.

7. FRAUD ⚖═66—ACTION—SPECIAL ISSUES.

In an action for fraudulent representations by a vendor a special issue whether the purchaser could by ordinary prudence discover the value of the land sold to him was improper, unless, as a matter of law, the purchaser undertook to discover the truth with regard to such value.

8. FRAUD ⚖═64(5)—REPRESENTATIONS AS TO VALUE—INSPECTION OF LAND—JURY QUESTION.

The mere fact that a purchaser demanded the privilege of inspecting the land would not, as a matter of law, establish that he undertook to discover the truth with regard to representations as to value.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Suit by William Davidson against C. W. Hahl. Judgment for plaintiff, and defendant appeals. Affirmed.

W. R. Perkins, of Alice, J. E. Leslie, of McAllen; and C. C. Forry, of Brownsville, for appellant. S. H. Woods, of Alice, and Arnold, Cozby & Peyton, of San Antonio, for appellee.

MOURSUND, J. Appellee, Davidson, sued appellant, Hahl, alleging that by reason of certain fraudulent representations made to him by Hahl and his agents he was induced to accept from Hahl a conveyance of the west half of section 41 in Duval county at the price of $4,843.50, of which he paid $1,500 by conveying certain lots in Louisiana, and gave vendor's lien notes for the remainder. He alleged that Hahl had sold the Louisiana property, and prayed for the recovery of the value thereof and for cancellation of the notes given by him to Hahl, and in the alternative for damages on account of the fraud if it should be held that he was not entitled to the remedy of rescission. The issues made by the pleadings, in so far as necessary to be considered on this appeal, will be sufficiently disclosed by the special issues submitted to the jury, which with the answers thereto are as follows:

"Q. No. 1. When Davidson came to Texas the first time to inspect the land described in his preliminary contract as a part of section 41, did the agents of the defendant point out to Wm. Davidson a part of section 56 and fraudulently represent to him that it was the land he was buying, namely part of section 41?

"We, the jury, answer: Yes.

"Q. No. 2. If you have answered 'Yes' to question No. 1, then you will answer the following two questions designated (A) and (B) but if you answer 'No' to question No. 1, then you need not answer the following two questions:

"(A) If it was represented to Davidson that part of section 56 was the part of section 41 which he was buying, then did Davidson believe such representation to be true?

"We, the jury, answer: Yes.

"(B) Did Davidson rely and act on said representation, if any, and was he induced thereby to sign the notes and deed to his Louisiana property?

"We, the jury, answer: Yes.

"Q. No. 3. Did the defendant fraudulently represent to Davidson that the west half of section 41 was rich, agricultural land?

"We, the jury, answer: Yes.

"Q. No. 4. If you have answered 'Yes' to question No. 3, then you will answer the following three questions designated (C), (D) and (E) but if you answer 'No' to question No. 3, then you need not answer the following three questions:

"(C) If defendant represented to Davidson that the west half of section 41 was rich, agricultural land, was such representation false?

"We, the jury, answer: Yes.

"(D) Did Davidson believe such representation, if any, to be true?

"We, the jury, answer: Yes.

"(E) Did Davidson rely upon said representation, if any, and was he induced thereby to sign the notes and execute the deed to the Louisiana property?

"We, the jury, answer: Yes.

"Q. No. 5. Did defendant fraudulently represent to Davidson that the reasonable market value of the west half of section 41 was not less than $15.00 per acre?

"We, the jury, answer: Yes.

"Q. No. 6. If you have answered 'Yes' to question No. 5, then you will answer the following questions (F), (G), and (H), but if you answer question No. 5 'No,' then you need not answer the following three questions:

"(F) If defendant represented to Davidson that the west half of section 41 was worth not less than $15 per acre, was said representation false?

"We, the jury, answer: Yes.

"(G) Did Davidson believe said representation, if any, to be true?

"We, the jury, answer: Yes.

"(H) Did Davidson rely upon said representation, if any, and was he induced thereby to sign the notes and deed the Louisiana property?

"We, the jury, answer: Yes.

"Q. No. 7. Did defendant represent to Davidson that the title to the west half of section 41 was clear of mortgages or encumbrances?

"We, the jury, answer: Yes.

"Q. No. 8. Was the defendant able to clear the west half of section 41 of the mortgages, if any, at the time he delivered the deed to Davidson?

"We, the jury, answer: No.

"Q. No. 9. If you answer 'Yes' to question No. 7, then answer the following three questions, (I), (J), and (K), but if you answer 'No' to question No. 7, you need not answer the following three questions:

"(I) If defendant represented to Davidson that the title to the west half of 41 was clear of mortgages, was said representation false?

"We, the jury, answer: Yes.

"(J) Did Davidson believe said representation, if any, to be true?

"We, the jury, answer: Yes.

"(K) Did Davidson rely upon said representation, if any, and was he induced thereby to sign the notes and deed the Louisiana property?

"We, the jury, answer: Yes.

"Q. No. 10. What was the reasonable market value on or about May 1, 1915, of the property in Louisiana deeded by Davidson to the defendant?

"We, the jury, answer: $1,500.00 (fifteen hundred dollars).

"Q. No. 11. What was the reasonable market value on or about May 1, 1915, of the west half of section 41?

"We, the jury, answer: $6.00 (six dollars) per acre.

"Q. No. 12. After Wm. Davidson had been given the deed to a part of section 41 by defendant, did he thereafter enter into a contract with the defendant or his agent and agree to accept a portion of section 78 in lieu of a portion of section 41?

"We, the jury, answer: No.

The court entered judgment upon such verdict in favor of Davidson for $1,699.44, and canceling the deed from Hahl to Davidson and the notes by Davidson to Hahl.

[1, 2] Appellant complains of the overruling of his first application for a continuance. It was contended that by reason of the filing on the day of the trial of an amended petition setting up new matters, appellant should have been given a continuance. A copy of the amended pleading was in the hands of appellant's attorneys four or five days previous to its filing. The main issue in the case was whether the agents of appellant pointed out to Davidson a different tract of land than the one conveyed to him. This issue had been in the case from its inception, and evidence thereon had been introduced at a previous trial. There can be no claim of surprise as to this issue. While it was alleged in the application that the testimony of D. R. Guffey was material on this issue, and it was shown that he was ill, it was not shown how long he had been ill, so as to excuse the failure to take his depositions, and in addition his testimony on the former trial was introduced in evidence by appellant. It was not made to appear in the application that he could have added anything to his former testimony. As the findings of the jury with regard to such main issue are not attacked and support the judgment, and no prejudice resulted to appellant as to such issue by reason of the refusal of his application for a continuance, it appears that the assignment should be overruled.

[3] The appellant did not suffer any harm as to the issue whether the land was free from mortgage by inability to take Mrs. Gunter's depositions to show the agreement between her and appellant, as the deed from her, which contained such agreement, was introduced in evidence.

[4] The allegations of misrepresentation as to value and quality of the land conveyed to Davidson were such as to require additional evidence than that introduced at the former trial, but it was not made to appear that the time was too short to procure such testimony after ascertaining that such issues would be raised upon the trial. If a judgment had been entered for damages, appellant might plausibly contend that he

should have been given an opportunity to procure additional testimony as to. the value of the land he conveyed appellee, but as the remedy awarded was that of rescission, and the judgment is required by the findings other than those relating to value and quality, it conclusively appears that it should not be reversed on account of the refusal of the application for continuance. If the jury had found against Davidson on the first issue, and thus established that he was shown the land conveyed to him, it could be contended that he could not rely on representations as to quality, and testimony with regard to value would have been important. On the main issue appellant had the benefit of such testimony as was procurable, and he is not entitled to a reversal on the ground that the refusal of his application may have denied him additional testimony on issues which became unimportant.

[5] Appellant attacks the answer to subdivision H of the sixth issue and the answer to issue No. 8 as unsupported by evidence, but does not attack the other findings of the jury. We find that the evidence substains the findings attacked. It is obvious, however, that even if such answers be eliminated, the remainder of the verdict amply supports the judgment, and that, therefore, if the jury had erred, such error would be a harmless one.

[6] Appellant also complains of the refusal of the court to submit his special issue containing the question whether Davidson could by the use of ordinary prudence discover the value of the land sold him. The assignment, if well taken, presents a harmless error, for the reasons stated in discussing the preceding assignments of error.

[7, 8] The question was, to say the least, improper, as worded, unless it could be said as a matter of law that Davidson undertook to discover the truth with regard to the value of the land. The mere fact that he demanded the privilege of inspecting the land would not as a matter of law establish that he undertook to discover the truth with regard to representations as to value.

The judgment is affirmed.